UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SYLVIA LAVIDA STREET, #1162522

    Petitioner,

v.                                            2:09CV299

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On February 6, 2005, in the Circuit Court for the City of Fredericksburg, Virginia, petitioner was convicted of malicious wounding and was sentenced to fifteen years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on December 22, 2006, the appeal was denied by a single judge, and on March 27, 2007, the decision was upheld by a three-judge panel. Petitioner then appealed to the Supreme Court of Virginia, but the appeal was refused on August 1, 2007. Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but on January, 16, 2009, the petition was refused.

On June 24, 2009, petitioner filed a petition for writ of habeas corpus in this Court, and on July 20, 2009, respondent filed a

motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Ineffective assistance of counsel for counsel's failure to:

    a. call named character witnesses to account for the abuse inflicted upon petitioner by the victim;

    b. call unnamed character witnesses;

    c. investigate threats made by the victim to petitioner regarding a gun the victim had brandished several times, investigate the gun's registration, and use appropriate defense techniques regarding the gun;

    d. photograph petitioner's wounds incurred on the date of the offense;

    e. use petitioner's medical records;

2. Petitioner was wrongfully charged with malicious wounding as the victim's injuries were not severe; and

3. The prosecution improperly introduced evidence of prior "bad acts" committed by petitioner.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms.

2

Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455

3

U.S. 591, 598 (1982)). As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." <u>Id.</u> at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Pitchess v. Davis</u>, 421 U.S. 482, 487 (1975); <u>Joseph v. Angelone</u>, 184 F.3d 320, 325 (4th Cir. 1999); <u>Beck v. Angelone</u>, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); <u>see</u>

also <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Satcher v. Pruett</u>, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. Petitioner did not receive ineffective assistance of counsel.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In <u>Strickland</u>, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." <u>Id</u>. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Id</u>. at 686-87.

There are, therefore, two elements of the <u>Strickland</u> test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received

deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

Petitioner claims that trial counsel was ineffective for failing to call named character witnesses (Claim 1(a)). Petitioner alleges that Nicole Whitaker would have testified that the victim mentally, emotionally, and physically abused petitioner. In her state habeas petition, petitioner asserted that Whitaker would have testified that the victim physically harmed petitioner; controlled and manipulated

her; and threatened to kill her if she left him. The Supreme Court of Virginia held that the claim failed to meet either prong of <u>Strickland</u>, since petitioner failed to produce an affidavit verifying that Whitaker's testimony would have been as petitioner claimed. The court found that Whitaker's testimony likely would not have been helpful, considering that petitioner had told the investigating officer that she was not in imminent danger when she stabbed the victim.

Petitioner claims that trial counsel was ineffective for failing to call Sergeant Horn, an employee of Fluvanna Correctional Center for Women, who would have testified that the victim mentally, emotionally, and physically abused petitioner. In her state habeas petition, petitioner alleged that Horn would have testified to recorded phone conversations between petitioner and the victim in which the victim threatened petitioner's life. The Supreme Court of Virginia held that the claim failed to meet either prong of <u>Strickland</u> since petitioner failed to produce an affidavit verifying that Horn's testimony would have been as petitioner claimed and because she failed to provide the alleged recordings.

Petitioner claims that trial counsel was ineffective for failing to call Wanda Boxley, a former cell mate, and Sergeant Shepard, a jail employee, who would have testified regarding the black eye petitioner had when she was arrested, which would have supported her claim of self-defense. The Supreme Court of Virginia held that the claim failed to meet either prong of <u>Strickland</u> since petitioner failed to produce affidavits verifying that Boxley and Shepard would have testified as petitioner claimed. Further, the court found that the testimony would have been cumulative because the booking photograph depicting petitioner's injury had already been entered into evidence.

7

A state habeas corpus adjudication on the merits is entitled to the deference set forth in the express provisions of 28 U.S.C. 2254(d). Barbe v. McBride, 521 F.3d 443, 453 (4th Cir. 2008); see also Fisher v. Lee, 215 F.3d 438, 445 (4th Cir. 2000). An application for writ of habeas corpus shall not be granted with respect to any state court claim adjudicated on the merits unless the adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). Since the Supreme Court of Virginia applied the two prong test of Strickland, the court's decision was not contrary to a clearly established federal law.

Furthermore, the Supreme Court of Virginia did not unreasonably apply clearly established federal law. In applying the two prong test of Strickland, the Supreme Court of Virginia found that petitioner's failure to produce affidavits from any of the character witnesses was fatal to his claim under Strickland. This is not an unreasonable application of federal law, because the speculative nature of named character witness's potential testimony is not enough to show deficient performance by counsel or to prove prejudice. Hamilton v. Arthur, 2007 WL 1795690 (W.D. Va. 2007)("Courts cannot find an attorney ineffective for failing to call a witness when the only evidence of that witness's potential testimony is the [p]etitioner's conclusory statements."); United States v. Davis, 939 F.Supp. 810, 814 (D. Kan. 1996)(failure to call a witness is not grounds for an ineffective assistance of counsel claim when there is no affidavit showing witness would have testified); United States v. Schaflander, 743 F. 2d 714, 721

(9th Cir. 1984)(in the absence of sworn statements or affidavits the allegations are merely "conclusory statements").

Additionally, the Supreme Court of Virginia did not unreasonably apply federal law in finding that counsel's failure to call Whitaker was not prejudicial, since Whitaker's testimony would not have been helpful in light of petitioner's statement that she was not in imminent danger. There was not a reasonable probability that the outcome would have been different had Whitaker testified. Although Whitaker's testimony would have covered past abuse and threats to petitioner by the victim, petitioner's statement that she was not in imminent danger undercut the value of Whitaker's potential testimony.

Furthermore, the Supreme Court of Virginia did not unreasonably apply federal law in finding that counsel's failure to call Boxley and Shepard was not prejudicial, since their testimony would have been cumulative. Additionally, there was not a reasonable probability that the outcome would have been different had Boxley and Shepard testified.

The decision of the Supreme Court of Virginia was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The record reveals that petitioner did not proffer affidavits for any of the named witnesses, that the responding police officer testified that petitioner indicated to him that she was in imminent danger, and that a photograph of petitioner's injuries incurred on the night in question was entered into evidence. All three parts of Claim 1(a) are without merit and should be DISMISSED.

Petitioner claims that trial counsel was ineffective for failing to investigate the threats that the victim made to petitioner regarding a gun the victim had brandished several times, for failing to

9

investigate the gun's registration, and for failing to use appropriate defense techniques regarding the gun in the victim's possession (Claim 1(b)). The Supreme Court of Virginia held that the claim failed to meet either prong of Strickland since petitioner failed to proffer the information that counsel would have elicited had he asked questions concerning the gun found inside a drawer in the victim's apartment. Since the Supreme Court of Virginia applied the two prong test of Strickland, the court's decision was not contrary to a clearly established federal law nor did the court unreasonably apply clearly established federal law. In applying the two prong test of Strickland, the court found that the failure to proffer the information counsel would have elicited was fatal to petitioner's claim under Strickland. This was not an unreasonable application of federal law. The highly speculative nature of the evidence concerning the gun is fatal to petitioner's Strickland claim. Furthermore, the record reveals that petitioner testified that the victim had a gun in the apartment for protection due to the danger in the neighborhood; that petitioner saw the gun on the evening of the offense, but the victim did not point it at petitioner or have it in his possession at the time of the offense; and that the offense occurred in the apartment complex parking lot. Even assuming counsel's performance was deficient, the record indicates that there is not a reasonable probability that the outcome of the proceeding would have been different had counsel acted properly. All three parts of Claim 1(b) are without merit and should be DISMISSED.

Petitioner claims that trial counsel was ineffective for failing to photograph petitioner's wounds incurred on the date of the offense (Claim 1(c)). The Supreme Court of Virginia held that the claim failed to meet either prong of Strickland since the record demonstrated that counsel introduced into evidence petitioner's booking photograph,

which depicted her black eye. Since the Supreme Court applied the two prong test of Strickland, the court's decision was not contrary to a clearly established federal law nor did the court unreasonably apply clearly established federal law. In applying the two prong test in Strickland, the Supreme Court found that photographic evidence of petitioner's black eye was introduced at trial. It was reasonable for the court to find that counsel's performance was not deficient and that there was no reasonable probability that the outcome of trial would have been different. The claim is without merit and should be DISMISSED.

Petitioner claims that trial counsel was ineffective for failing to use medical records (Claim 1(e)). The Supreme Court of Virginia held that the claim failed to meet either prong of Strickland, since petitioner failed to identify what evidence counsel should have obtained through her medical records. Since the Supreme Court applied the two prong test in Strickland, the court's decision was not contrary to a clearly established federal law nor did the court unreasonably apply clearly established federal law. Petitioner's claim is highly speculative, in light of her failure to identify what evidence could have been obtained through medical records. Accordingly, it was reasonable for the Supreme Court to conclude that counsel's performance was not deficient and that there was no reasonable probability that the outcome would have been different had medical records been introduced. The claim is without merit and should be DISMISSED.

### E. The Evidence at Trial Was Sufficient to Support a Conviction.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). In Wright v. West, 505 U.S. 277 (1992), the Supreme Court held that:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. at 207-97 (citations omitted). In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner. Petitioner argues for the application of hindsight to what were issues of weight and credibility, properly resolved by the trier of fact.

Petitioner claims that she was wrongfully charged with malicious wounding as the victim's injuries were not severe (Claim 2). This appears to be the same claim raised on direct appeal alleging that the evidence was not sufficient to support petitioner's conviction. On appeal, the Virginia Court of Appeals noted that:

> May [the victim] testified that appellant [petitioner] brandished three knives, charged him from behind as he took the trash out, stated that

12

> she was going to "kill" him, and then stabbed him repeatedly. Officer Merritt's testimony corroborated May. Officer Merritt testified that appellant admitted to stabbing May under neither imminent danger nor threat, that May was wounded and bled profusely, and that three knives were discovered inside the apartment. One knife lay broken on the floor with blood droplets, and two knives soaked in the kitchen sink . . . . Blood smears were found on the kitchen sink only. From this evidence, the jury could have found beyond a reasonable doubt that appellant intended to commit, and ultimately did commit, malicious wounding.

Street v. Commonwealth, Va. Ct. App. Rec. No. 0516-06-4 at 1 (December 22, 2006). The Supreme Court's refusal of the petition serves as a decision on the merits. Dodson v. Director, S.E.2d 573 (Va. 1987) (citing Saunders v. Reynolds, 204 S.E.2d 421, 424 (Va. 1974)).

In federal court, the "critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . [is] whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443, U.S. 307, 319 (1979)(emphasis in original). Based upon the findings of the state court, any rational trier of fact could have found the essential elements of malicious wounding beyond a reasonable doubt. The facts adduced at trial and relied upon in the state court's review of petitioner's appeal provide sufficient evidence to support the conviction. The claim is without merit and should be DISMISSED.

### F. Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule

5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654(B)(2) states, "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

14

may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issue to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

Petitioner alleges that trial counsel was ineffective for failing to call certain unnamed character witnesses (Claim 1(b)). The claim was not raised in the Supreme Court of Virginia either on direct appeal or in petitioner's state habeas petition and is, therefore, procedurally defaulted. Even if the claim was not procedurally defaulted, since petitioner has failed to name the witnesses or produce affidavits

15

setting forth their potential testimony, petitioner has not met either prong of Strickland. The claim is procedurally defaulted and should be DISMISSED.

Petitioner contends that the trial court erred by allowing the prosecution to improperly introduce evidence of prior "bad acts" committed by petitioner (Claim 3). Petitioner raised the claim on direct appeal, but the claim was barred pursuant to Rule 5A:18, since petitioner failed to make a timely objection to the question leading to the introduction of the contested evidence. The claim is procedurally defaulted and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to

another party's objections within ten days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/<br>
James E. Bradberry<br>
United States Magistrate Judge

Norfolk, Virginia

October 27, 2009

17

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

> Sylvia Lavida Street, #357006, pro se
> Fluvanna Correctional Center for Women
> P.O. Box 1000
> Troy, VA 22973-1000
>
> Leah A. Darron, Esq.
> Assistant Attorney General of Virginia
> 900 E. Main Street
> Richmond, VA 23219

Fernando Galindo, Clerk

By _____
     Deputy Clerk

_____10/28_____, 2000