UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN 13 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

SYLVIA LAVIDA STREET, #1162522

Petitioner,

v.  2:09CV299

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on February 6, 2005, in the Circuit Court for the City of Fredericksburg, Virginia, for malicious wounding. As a result of the conviction, petitioner was sentenced to serve fifteen years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on October 27, 2009. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on November 9, 2009, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States

Magistrate Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and conclusions, the objections are without merit. Claim 1(a) addresses counsel's failure to call named character witnesses. However, in the absence of affidavits establishing the expected testimony of the witnesses, the Court cannot find inadequate performance or prejudice, because the only information upon which it can rely consists of petitioner's conclusory statements. The conclusion of the Supreme Court of Virginia does not constitute an unreasonable application of federal law.

Claim 1(b) also addresses counsel's failure to call unnamed character witnesses. However, the claim was not raised in the Supreme Court of Virginia, either on direct appeal or in a state habeas petition. Therefore, the claim is procedurally defaulted. Even if the claim was not procedurally defaulted, in the absence of names of witnesses or affidavits reflecting their expected testimony, the claim would have been without merit.

Claim 1(c) arises out of the possession of a gun by the victim of the malicious wounding. The claim is speculative, at best, and not developed in the record. Further, there was no evidence that the victim pointed the gun at petitioner or that the victim had the gun on his person at the time of the assault. Any conclusions arising from the presence of a gun in the victim's apartment would have been speculative and certainly not relevant, in the context of the assault.

2

Claim 1(d) addresses counsel's failure to photograph petitioner's wounds incurred on the date of the offense. A booking photograph revealed petitioner's black eye, and other witnesses were aware of the abuse she had received from the victim. Counsel's failure to have photographs taken of petitioner's injuries does not constitute inadequate performance nor does it result in prejudice to petitioner.

Claim 1(e) is meritless, particularly in the absence of information about what the medical records would reveal. The nature of the claim is highly speculative, and counsel's failure does not constitute inadequate representation nor does it result in prejudice.

Claim 2 alleges that petitioner was wrongfully charged with malicious wounding, since the victim's injuries were not severe. First, the victim was repeatedly stabbed; second, according to the record, he was stabbed from behind, indicating petitioner's intent; and third, he was stabbed with multiple knives. Petitioner was fortunate that he was not charged with attempted murder. All of the elements of the crime were established at trial, and there was ample evidence to sustain petitioner's conviction.

Finally, Claim 3, addressing the improper use of evidence of prior "bad acts," is procedurally defaulted. No objection was raised at trial when the question leading to the evidence was asked. On appeal, the Supreme Court of Virginia rejected the claim for lack of a contemporary objection during trial.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such

3

judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (U.S. 2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/
Raymond A. Jackson
United States District Judge
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**January 12, 2010**